**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**JEREMY JOSEPH KAAD (01),**<br><br>　　　　**Defendant.** | Case No. 18-40095-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Jeremy Joseph Kaad's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 42). Mr. Kaad also filed two supplements (Docs. 44, 45) to his motion. The government filed a Response (Doc. 47). Mr. Kaad did not file a reply and the time to do so has now passed. For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.　Background**

On October 17, 2018, a grand jury returned an Indictment charging Mr. Kaad with knowingly and intentionally conspiring to distribute 50 grams or more of methamphetamine—violating 21 U.S.C. §§ 841(b)(1)(A), 846, and 18 U.S.C. § 2. Doc. 1 at 1–2 (Count I). The grand jury also charged Mr. Kaad with knowingly and intentionally possessing with intent to distribute and dispense methamphetamine—violating 21 U.S.C. §§ 841(b)(1)(B), 846, and 18 U.S.C. § 2. *Id.* at 2 (Count II). Mr. Kaad pleaded guilty to Count I's charges and the court sentenced him to 72 months' imprisonment and 5 years' supervised release on July 8, 2019. Doc. 29 at 1–2. The court recommended the Bureau of Prisons ("BOP") place Mr. Kaad in a

medical facility to accommodate his medical conditions outlined in his Presentence Investigation Report. *Id.* at 2.

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Tenth Circuit "has held that 'a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (brackets omitted)).

Section 3582(c) of Title 18 announces a general rule that courts "may not modify a term of imprisonment once it has been imposed[.]" But, the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Under § 3582(c)(1)(A)(i), "a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

"'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *Poutre*, 834 F. App'x at 474 (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted)); *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (same). "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Id.* (citing *White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)).

### III.  Discussion

#### A.  Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking a reduced sentence under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days"). But, "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) (citations omitted).

3

Mr. Kaad alleges this court has "jurisdiction to grant this relief because there has been a lapse of more than 30 days since Mr. Kaad's request for compassionate release was submitted to the Warden at the Federal Medical Center (FMC) Forth Worth." Doc. 42 at 1. Mr. Kaad attaches his request to the warden, dated October 23, 2020. Doc. 42-1 at 1. Mr. Kaad's supplement attaches the warden's denial, dated January 21, 2021. Doc. 45-1 at 1. More than 30 days passed in silence after Mr. Kaad submitted his request for compassionate release to the warden. So, the court finds he satisfies the lapse requirement of § 3582(c)(1)(A). *See McIntosh*, 2020 WL 5747921, at *2. Next, the court considers whether Mr. Kaad presents extraordinary and compelling circumstances.

### B.     Extraordinary and Compelling Circumstances

Mr. Kaad asserts his medical conditions—Type 2 diabetes, hypertension, chronic asthma, obesity—combined with his injuries and conditions at FMC Forth Worth constitute extraordinary and compelling circumstances during the COVID-19 pandemic. *See* Doc. 42. The government concedes Mr. Kaad's medical conditions—"asthma, hyperlipidemia, diabetes and hypertension"—establish extraordinary and compelling reasons "per DOJ policy and CDC guidance." Doc. 47 at 15.[1] The court agrees.

---

[1] Mr. Kaad does not assert that he suffers from hyperlipidemia. *See* Doc. 42. But, his medical records show he takes medication for hyperlipidemia. Doc. 42-2 at 11. The CDC does not list hyperlipidemia as a medical condition placing individuals at increased risk of COVID-19 complications. *See* CDC, People with Certain Medical Conditions (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 5, 2021). Mr. Kaad may suffer from hyperlipidemia, but he does not argue that it alters analysis of the extraordinary and compelling circumstances component of the issue. So, the court does not consider it.

4

Mr. Kaad's medical records confirm he suffers from obesity and Type 2 diabetes. Doc. 42-2 at 9.[2] The CDC designates obesity and Type 2 diabetes as medical conditions that place individuals at increased risk for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 5, 2021) ("Adults of any age with the following conditions **are at increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30 kg/m$^2$ or higher but < 40 kg/m$^2$) . . . Type 2 diabetes mellitus").

And, Mr. Kaad's medical records confirm he suffers from asthma and hypertension. Doc. 42-2 at 9–10. The CDC designates asthma and hypertension as conditions that might increase the risk of severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 5, 2021) ("[A]dults of any age with the following conditions **might be at increased risk** for severe illness from the virus that causes COVID-19: . . . Asthma (moderate-to-severe) . . . Hypertension or high blood pressure[.]").

The court also recognizes the increased risk to an individual with multiple health conditions during the COVID-19 pandemic. *See id.* ("The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19."). Mr. Kaad has established that his asserted medical conditions present an increased risk of severe illness from COVID-19 and thus qualify as extraordinary and compelling.

---

[2]   Mr. Kaad's medical records do not describe his height, weight, or Body Mass Index ("BMI"). *See* Doc. 42-2 at 9. But, his medical assessment describes Mr. Kaad as "an obese paraplegic who is non ambulatory and unable to climb stairs." *Id.* So, the court considers this medical condition when assessing extraordinary and compelling.

Satisfied that Mr. Kaad's health conditions constitute an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A)(i), the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the requested sentence modification.

### C.   Sentencing Factors of 18 U.S.C. § 3553(a)[3]

Mr. Kaad asks the court to reduce his "sentence to time served and put him on home confinement as a condition of supervised release." Doc. 42 at 13. He argues the court should analyze § 3553(a)'s sentencing factors to "reflect today's circumstances." *Id.* at 12.

The government opposes Mr. Kaad's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request. Doc. 47 at 16–17. The government asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law." *Id.* at 16; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A). The government concedes Mr. Kaad "does not necessarily pose a direct and immediate danger to society at large[.]" Doc. 47 at 16.

The court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). When § 3553(a)'s sentencing factors don't support the requested sentence reduction, then courts deny

---

[3]   The sentencing factors the court considers are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

6

the request, even when defendant satisfies exhaustion and shows extraordinary and compelling. *See United States v. Santistevan*, ___ F. App'x ___, 2021 WL 942909, at *2 (affirming denial of compassionate release after district court considered § 3553(a) factors and "determined that a sentence reduction was not appropriate"); *see also* Order, *United States v. Rodriguez*, No. 5:18-cr-40045-HLT (D. Kan. Sept. 30, 2020), ECF No. 58 (considering defendant's history and rehabilitation efforts and holding "after considering all factors, the Court finds that a reduction is not appropriate"), *aff'd*, 837 F. App'x 652, 2021 WL 717045 (10th Cir. 2021).

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Kaad is projected to complete his term of imprisonment on January 9, 2024. Doc. 42 at 3; *see also* Jeremy Joseph Kaad, Reg. No. 29456-031, https://www.bop.gov/inmateloc/ (last visited Mar. 5, 2021). So, roughly 34 months—47%—of his 72-month prison term remain. He asks the court to modify his sentence by reducing his term

7

of imprisonment to time served and, adding "a period of home confinement as a condition of supervised release." Doc. 42 at 15.

To grant this request would reduce the severity of Mr. Kaad's sentence substantially. If the court added a corresponding term of home confinement, the extent of the severity reduction is the difference between (1) 34 months' imprisonment and (2) 34 months' home confinement.

Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence. *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020). But home confinement and imprisonment are not equivalents. Here, home confinement would replace about 47% of the term of imprisonment. A conclusion that this modified sentence is "sufficient . . . to comply with the purposes" § 3553(a)(2) sets forth would require a significant change in the court's view of the § 3553(a) factors as they presented at the time of sentencing.

Mr. Kaad asserts § 3553(a)'s sentencing factors, when considered today, favor reducing his sentence. He argues the COVID-19 pandemic increased the severity of his sentence beyond what the court considered in Mr. Kaad's July 2019 sentencing. Doc. 42 at 12–13. And, he submits his "disciplinary record in BOP is nonexistent." *Id.* at 13.

Mr. Kaad's combined medical conditions and circumstances at FMC Forth Worth favor his motion. As discussed above, he suffers from serious medical conditions placing him at risk of severe complications of COVID-19. And, 12 inmates died from COVID-19 complications at FMC Forth Worth. *Id.* at 12. But, Mr. Kaad's medical conditions only comprise part of § 3553(a)'s sentencing factors analysis.

Mr. Kaad's criminal history and pattern of disrespect for the law weigh against his motion.  Mr. Kaad's PSR calculated a criminal history score of 12, adding two points because he was on probation during the instant offense.  Doc. 26 at 15 (PSR ¶¶ 62–63).  His criminal history includes:  two counts possession of a controlled substance (PSR ¶ 45–46), under the influence of controlled substance (PSR ¶ 47), possession of methamphetamine (PSR ¶ 49), manufacturing, distributing, possessing Schedule I or II drugs (PSR ¶ 52), and use of communication facility for drug transactions (PSR ¶ 58).  Doc. 26 at 8–15 (PSR).  It is significant that Mr. Kaad committed his current offense—conspiracy to possess with intent to distribute 50 grams or more of methamphetamine—while on probation for using a communication facility for drug transactions.  *Id.* at 15 (PSR ¶ 63).

Reducing Mr. Kaad's 72-month sentence by 47% would produce a sentence that no longer reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(A)–(C); *see also United States v. Dodds*, No. 13-20043-01-JWL, 2021 WL 84176, at *3 (D. Kan. Jan. 11, 2021) (When a defendant's "criminal history . . . reflects a continuing disrespect for the law and an inability to comply with conditions of probation" the court "cannot conclude that defendant is a proper candidate for compassionate release.").

The court recognizes the COVID-19 pandemic may increase the severity of Mr. Kaad's sentence beyond what it considered during his July 2019 sentencing.  And, it sympathizes with Mr. Kaad's concerns and increased risk of complications from COVID-19.  But, Mr. Kaad's lengthy criminal history and repeated disrespect for the law weigh significantly against reducing his sentence.

9

Given Mr. Kaad's incarceration and health conditions during the COVID-19 pandemic, the court's assessment of various factors under § 3553(a) have shifted. The court concludes that several sentencing factors favor a lesser sentence today than when our court considered them during Mr. Kaad's July 2019 sentencing. But, those factors have not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence that Mr. Kaad seeks.

The court concludes Mr. Kaad's sentence remains sufficient but not greater than necessary to comply with § 3553(a)'s sentencing factors. Thus, modifying the imposed term of imprisonment in the fashion requested by his motion is not warranted under § 3582(c)(1)(A). Mr. Kaad's motion fails to show he satisfies § 3582(c)(1)(A)(i), so, the court dismisses it for lack of subject matter jurisdiction. *See Saldana*, 807 F. App'x at 819.

### IV.     Conclusion

Mr. Kaad asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a term of home confinement to his supervised release. The risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of certain sentencing factors under § 3553(a) to some extent. But the shift is insufficient to permit the court to conclude that Mr. Kaad's extraordinary and compelling reasons warrant the sentencing modification he seeks. So, § 3582(c)(1)(A) does not permit the court to modify Mr. Kaad's sentence. The court dismisses the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Kaad's Motion to Reduce Sentence (Doc. 42) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 17th day of March, 2021, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**